[S. F. No. 1503.    Department One. — May 23, 1901.]

PACIFIC COAST SAVINGS SOCIETY, Appellant, v. CITY
AND COUNTY OF SAN FRANCISCO, Respondent.

TAXATION — SOLVENT CREDIT — SAN FRANCISCO CORPORATION — BAL-
ANCE OF GENERAL DEPOSIT IN NEW YORK BANK. — A balance of
money account, held on the first Monday of March on general de-
posit in a New York bank, by an incorporated building and loan
and savings society having its principal place of business in San
Francisco, is taxable to such society in the city and county of San
Francisco as a solvent credit.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.    Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

Vincent Neale, for Appellant.

Franklin K. Lane, City and County Attorney, and W. I.
Brobeck, Assistant, for Respondent.

HARRISON, J. — The plaintiff is incorporated under the
laws of this state for the purpose of carrying on the business of
a building and loan society, and banking incidental to said
business, and has been so engaged since its organization.    In
connection with its business, the firm of J. & W. Seligman,
bankers, doing business in the city of New York, have been its
correspondents, and it has been accustomed, from time to time,
in the course of its banking business, to place money with
them to its credit, and to sell, exchange, and draw drafts
against the same in the usual and ordinary way customary
among banks and bankers.    Prior to the first Monday in March,
1896, it had sold, in London, certain of its bonds, of the face
value of one hundred thousand dollars, and the proceeds
thereof were placed to its account and credit with its said cor-
respondents in New York.    After taking into account the
drafts that had been drawn by it against its account with the
Seligmans, there remained to the credit of the plaintiff with
them, on the first Monday of March, 1896, the sum of sixty-
five thousand dollars.

March 30, 1896, upon the demand of the assessor of the city

and county of San Francisco, the plaintiff made and returned to him a statement purporting to contain a list of all its personal property, but which did not include the aforesaid sum of sixty-five thousand dollars. After receiving this statement, the assessor notified the plaintiff that the same was not correct or satisfactory, and in response to a notice therefor, the president of the plaintiff appeared before him, and stated to him that at noon on the first Monday of March, 1896, there was a debt of sixty-five thousand dollars due from said Seligmans to the plaintiff, which did not appear on said statement, but insisted that the same was not taxable. The assessor thereupon assessed to the plaintiff, in addition to the property that had been returned to him in the aforesaid statement, the said sum of sixty-five thousand dollars as a "solvent credit." Subsequently, the plaintiff applied to the board of equalization to reduce the assessment made by the assessor, by striking the said sum of sixty-five thousand dollars therefrom, upon the ground that it was not on the first Monday of March within the state of California, or liable to taxation. The application was denied, and thereafter the plaintiff paid to the tax-collector the amount of the tax upon all of the property so assessed to it, delivering to him at the same time its written protest against the amount paid upon the said sum of sixty-five thousand dollars. The present action is to recover the amount of the taxes paid upon the said sum of sixty-five thousand dollars. Judgment was rendered in favor of the defendant, and the plaintiff has appealed.

Upon the aforesaid facts the judgment of the superior court was correct. The relation between a general depositor of money with a bank and the bank is that of debtor and creditor. (*Mackay* v. *San Francisco*, 113 Cal. 392.) The court finds in the present case that the plaintiff did not have any money on special deposit with its New York correspondents, and that the said sum of sixty-five thousand dollars was merely the balance due to it from them, and was a debt owing from its correspondents to the plaintiff on the first Monday of March, 1896. It was therefore properly assessed against the plaintiff as a solvent credit, and as property in San Francisco belonging to it on that day. The fact that the creditor is not a resident of this state is immaterial. "The general rule is, that debts attend the person of the creditor, and are taxable at his domicile." (*Estate of Fair*, 128 Cal. 607, and cases

cited on p. 612.) Other propositions presented by the appellant are discussed in that case, and also in the case of *Savings and Loan Society* v. *San Francisco*, 131 Cal. 356, and decided adversely to the contention of the appellant.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.