LONDON & SAN FRANCISCO BANK, Limited, v. BLOCK, Tax Collector.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1905.)

No. 1,074.

TAXATION—CREDITS.

    Cal. Const. art. 13, § 1, declares that all property in the state not exempt under the laws of the United States shall be taxed in proportion to value, and that the word "property" shall include all moneys, credits, etc., capable of private ownership. Pol. Code, § 3617, declares that the word "credits" shall mean "those solvent debts not secured by mortgage or trust deed, owing to the person or corporation assessed." *Held,* that where a foreign corporation maintained branch banks in San Francisco, Portland, Or., and Tacoma, Wash., credits on the books of the San Francisco office, consisting of sums paid to the other branches for their benefit, and charged to them as mere matter of bookkeeping, without any promise or obligation on the part of the debited agencies to return the money to the San Francisco bank, were not credits arising in the state of California, or taxable therein.

Appeal from the Circuit Court of the United States for the Northern District of California.

For opinion below, see 117 Fed. 900.

Charles P. Eells, for appellant.

Percy V. Long, City Atty. (W. I. Brobeck, Asst. City Atty., of counsel), for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is a suit in equity brought by appellant, a corporation organized and existing under the laws of the United Kingdom of Great Britain and Ireland, against appellee, the tax collector of the city and county of San Francisco, to secure an injunction restraining him from making a threatened sale of appellant's real property for the taxes alleged to be due for the fiscal year 1897. In April, 1896, the assessor of the city and county of San Francisco demanded from appellant, at its branch office in San Francisco, a statement, under oath, setting forth specifically all the real and personal property in California owned by appellant, or in its possession, or under its control, at 12 o'clock noon of the first Monday in March in the year 1896. This included the real estate, $182,040; furniture, $1,800; money, $251,462; and solvent credits, $1,599,811. The assessor added to this statement an assessment for franchise, $12,000, and divers other solvent credits, including $116,774 due by Portland branch and $428,539 due by Tacoma branch. Before delinquency, appellant tendered to appellee the sum of $7,327.51, being the amount of tax collectible on the items returned by appellant in its statement. Appellee refused to accept this tender, and proceeded to advertise appellant's property for sale for the entire tax on all the property assessed, to wit, a tax of $24,081.23. This suit was brought July 2d, the day before the sale would otherwise have been made, and the court issued a restraining order. Pending the trial, appellee received from appellant the sum of $6,086.39 in payment of the tax for real estate, furniture, and money;

and at the trial appellant admitted that, of the items added and assessed, $4,103.34 were liable to assessment, and appellee admitted that, of other items assessed, $390,973.14 were not liable to assessment. The questions submitted to the court below were as to appellant's liability as to assessment of $12,000 for its franchise; $164,576.60, amount due by J. P. Morgan & Co.; $116,774, amount due by Portland branch; and $428,539, amount due by Tacoma branch. The Circuit Court rendered its opinion, and entered a decree in favor of appellant as to the amount due by J. P. Morgan & Co., and in favor of appellee on the other items, and dismissed appellant's bill. London & San Francisco Bank, Limited, v. Block, Tax Collector (C. C.) 117 Fed. 900. From this decree the appeal herein is taken.

In this court appellant, by agreement with appellee's attorney, abandoned its claim of error as to the item of franchise, without prejudice to its appeal upon the remaining grounds.

The only question for this court to decide is whether the court erred in holding that the items due from the Portland branch and the Tacoma branch were assessable as "solvent credits" taxable in California. The testimony in the record shows that appellant has its head office in London. It has three branch offices or agencies in the United States, one at San Francisco, Cal., one at Portland, Or., and the other at Tacoma, Wash. Each of these branches is designated as "The London & San Francisco Bank, Limited." All the capital used in these branches is supplied from the office in London, and is owned by appellant. It has its board of directors and general manager in London, who control the managers of its several branches in the United States. It is represented in its branch office at San Francisco by a cashier, manager, and assistant manager, who hold a joint and several power of attorney from the directors of the corporation in London to do everything required in the carrying on of the banking business. Each manager is required to make monthly reports of the business of the bank to the head office. In relation to the general business of making loans and investments, etc., the local officers of the branch office act on their own judgment, without instructions from the head office in London. In the conduct of its business, and pursuant to instructions from the head office in London, remittances of money are made from time to time from one branch to another, or between the branch offices and the London office. For convenience of bookkeeping these advances are entered as debits charged on its books by the office sending them to the office receiving them. On the first Monday in March, 1896, the books of the San Francisco bank showed the balance due it from the Portland and Tacoma branches in the amounts above stated.

Section 3628 of the Political Code of California provides that:

"The assessor must, between the first Monday in March and the first Monday of July in each year, ascertain the names of all taxable inhabitants, and all the property in his county subject to taxation, and must assess such property to the persons who own, claim, or have the possession or control thereof."

It appears from the testimony that the assessor took the statement of the taxable property as returned by appellant, and added thereto the solvent credits as returned in the statement made to the Bank Commis-

sioners of California, showing the condition of the bank's affairs on the first Monday in March, 1896.

It is undoubtedly true that if the money had been in the bank in San Francisco it would have been taxable as money on hand. Are the amounts of money previously transmitted to the Portland and Tacoma branches taxable as solvent credits due the bank in San Francisco?

Section 1 of article 13 of the Constitution of the state of California declares that:

"All property in the state, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law. The word 'property' as used in this article and section, is hereby declared to include moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership * * *."

Section 3617 of the Political Code of California defines the term "credits" to mean "those solvent debts not secured by mortgage or trust deed, owing to the person, firm, or corporation assessed."

The entries as made in the books, and the statement to the Bank Commissioners, showed all the transactions with the head office and its several agencies, as well as the transactions conducted by the officers of the agency in San Francisco. No distinction was made in the books with reference to the business done with the head office or the offices of the other agencies. The accounts in the books are kept the same as the accounts with foreign banks, but under the testimony it is clearly shown that the credits under consideration, as shown in the books, are merely records of the facts that under instruction from the "head office" in London various sums of money in the agency of the bank in San Francisco, amounting in the aggregate to the sums heretofore stated, were sent to the Portland and Tacoma agencies. The agency at San Francisco did not secure a credit by these remittances of money. There was no promise or obligation upon the part of either of the agencies or the "head office" to return the money to the bank in San Francisco. The amounts of money forwarded to the agencies were not "solvent debts" owing to the agency at San Francisco. They were not investments made abroad with foreign banks, and do not come within the principles announced in Nevada Bank v. Sedgwick, 104 U. S. 111, 26 L. Ed. 703, or Pacific Coast Savings Society v. City and County of San Francisco, 133 Cal. 14, 65 Pac. 16, and other like cases cited by appellee. "The authorities generally agree," as was said by the Supreme Court in Mackay v. San Francisco, 128 Cal. 678, 686, 61 Pac. 382, 385, "that where the owner is not a resident of the state in which the credits are situated, and the credits are in the possession and control of a local agent, who holds them for the purpose of transacting a permanent business, and of investing and reinvesting the proceeds from the principal or interest in such manner that the property or credits come in competition with the capital of the citizens of the state in which the agent resides, that the credits have a situs for the purposes of taxation in the place of residence of the local agent. (New Orleans v. Stempel, 175 U. S. 318, 20 Sup. Ct. 110, 44 L. Ed. 174, and cases cited.)" But in the present case, while at one time previous to the assessment the money had been in the possession and control of the agency in Califor-

nia, it had not been used in the transaction of its business, and had not been invested in such a manner as to bring appellant "in competition with the capital of the citizens of the state." At the time of the assessment it had been removed to the respective agencies in Portland and Tacoma, and the money, if on hand, would be taxable there; and, if loaned out or invested by the agencies there, the solvent debts' arising therefrom would be taxable respectively at the residence of the agencies in the states of Oregon and Washington, but was not taxable at the residence of the agency in San Francisco, Cal., because at the time of assessment the agency there neither had the money nor had used it in the ordinary transactions of the bank, either by loan or investments, and did not have at that time the possession or control of the money, or have any solvent debts created by its use while in its possession or control. The authority of every state to tax all property, real and personal, within its jurisdiction, is unquestionable; but the taxing power of the state is limited, in a case of this character, to property within the state. Under the facts of this case, our conclusion is that the court erred in holding that the two items under consideration, aggregating $545,313, upon which the tax was $7,624.56, were property assessable to appellant as solvent credits.

The decree of the Circuit Court as to the allowance of the tax and penalties on these two items is reversed, and the cause remanded to the court below to strike out this portion of the decree, and make such further order in the premises as the case may require, in accordance with the views expressed in this opinion.