NORTHERN ASSURANCE CO. OF MICHIGAN *v.* COMMON COUNCIL OF CITY OF DETROIT.

Taxation—Insurance Companies—Assets—Statutes.

> In determining the amount of property liable to taxation, in the case of insurance corporations claiming deductions by reason of exempt bonds or property, and mortgages on which the company has paid a specific tax, the report of the State insurance commissioner, showing the balance subject to assessment, is not conclusive under Act No. 235, Pub. Acts 1903. If it is ascertained that such balance consists in whole or in part of tax exempt securities, the amount of the same should be deducted. The determination of the board of assessors, refusing to deduct mortgages of such corporation on which it has paid the specific tax under Act No. 91, Pub. Acts 1911, was rightly reversed, on mandamus, in the circuit court.

Certiorari to Wayne; Hosmer, J. Submitted January 21, 1913. (Calendar No. 25,400.) Decided June 2, 1913.

Mandamus by the Northern Assurance Company of Michigan against the common council of the city of Detroit to compel respondents to strike relator's assessment from the tax rolls. An order granting the prayer of relator's petition is reviewed by respondents on writ of certiorari. Affirmed.

*Walter Barlow (Richard I. Lawson,* of counsel), for appellants.

*Fred H. Aldrich (Watson, Safford & Shepherd,* of counsel), for appellee.

Bird, J. The relator seeks by this proceeding to compel the respondents to strike from the tax rolls

of the city of Detroit for the year 1912 certain real estate mortgages of the value of $55,450, upon which it claims to have paid the specific tax under Act No. 91 of the Public Acts of 1911. The relator is a domestic insurance company, and the statutory directions for ascertaining its personal property assessment is as follows:

"In computing the taxable property of insurance companies organized under the laws of this State, the value of the real property on which a company pays taxes shall be deducted from its net assets above liabilities, as determined and shown by the last report of the commissioner of insurance, including in such liabilities the legal reserve required by the laws of this State, or the regulations of the insurance department, and the remainder shall be the personal property for which the company shall be assessed." Act No. 235, Pub. Acts 1903.

In compliance with the statute, the board of assessors ascertained from the last report of the insurance commissioner that the total assets of relator were $401,486. From this sum they deducted liabilities amounting to $286,217 and the further item of $59,812 invested in tax exempt municipal bonds, leaving a balance of $55,450 as its personal property assessment. The relator then exhibited to the board certain real estate mortgages whose aggregate value exceeded its assessment and requested that its assessment of $55,450 be stricken from the rolls. This request was denied. Application was then made to the circuit court for a writ of mandamus to compel such action, and it was granted. Respondents now ask us to set aside the order of the circuit court on the grounds: (1) That the report of the insurance commissioner does not show that relator has paid the specific tax on $55,450; (2) that the board of assessors, having determined the assessment from the commissioner's

176 MICH.—6.

report, its determination is final. In brief, the argument of respondents is that no deduction can be made from the assessment so ascertained by them on account of exempt property unless it is shown upon the face of the commissioner's report that it is exempt.

We think a reasonable construction of the statute is that it provides a rule to be followed by assessing officers in determining what part of the assets of an insurance company is liable to taxation. And after this rule has been followed in a given case and the personal property assessment ascertained, the mandate of the statute has been complied with, and it then becomes the duty of the assessing officers, acting under their general powers as assessing officers, to determine what portion, if any, of such assessment is exempt by law from taxation, and, when it is ascertained that the assessment includes securities exempt by law, the deduction should be made. *Union Trust Co. v. Detroit Common Council,* 170 Mich. 692 (137 N. W. 122).

The contention that the report of the insurance commissioner is conclusive on the question of exempt property would be more persuasive had the legislature made it the duty of the commissioner to determine what portion of the company's assets were exempt and furnished him some basis for making the determination by requiring the companies to include in their reports to him the information as to what portion of their securities were exempt from taxation.

The respondents, in support of their contention, cite the case of *Detroit Fire & Marine Ins. Co. v. Hartz,* 132 Mich. 518 (94 N. W. 7). An effort was made by the insurance company in that proceeding to have certain bonds exempt under the laws of the United States deducted from its assessment. This court refused to order the deduction, but its refusal to do so was placed

upon grounds other than those which would sustain respondents' argument in this case.

We are of the opinion that the circuit court reached the proper conclusion, and its order will be affirmed. No costs will be allowed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.