*In re* DISSOLUTION OF HECLA CO.

CITY OF DETROIT *v.* HERTZ.

TAXATION — DEPOSITS — BANKS AND BANKING — ASSESSMENT OF CREDITS.

> Under section 3832, 1 Comp. Laws, as amended (1 How. Stat. [2d Ed.] § 1777), providing that debts due or to become due, which shall equal the amount of the debts of the person taxed, shall be exempt from taxation, a personal tax against an insolvent corporation in the hands of a receiver upon money deposited in a bank was not properly assessable, and, in an action by the city to recover such tax upon the personal property of insolvent, a judgment for defendant was properly entered.

Appeal from Wayne; Van Zile, J. Submitted January 15, 1915. (Docket No. 111.) Decided March 17, 1915.

The city of Detroit filed a petition, in a suit to dissolve the Hecla Company, for which a receiver had been appointed under an order of the court, to compel such receiver to pay taxes alleged to be due upon personal property of the corporation. Judgment for defendant. Petitioner appeals. Affirmed.

*Walter Barlow* (*Richard I. Lawson,* of counsel), for appellant.

*Beaumont, Smith & Harris,* for appellee.

MOORE, J. The Hecla Company is in process of dissolution, and is in the hands of a receiver. The city of Detroit, on September 14, 1914, filed a claim for $50.22 for general city taxes for the year 1914, assessed on the personal property of said company, accompanied by a petition, praying that the court make an

order directing the receiver to pay said taxes. The receiver filed an answer, stating said taxes were assessed on $2,500 in money deposited in banks without deducting the amount of the debts of said company from the amount of said deposits, and that said assessment was illegal and void. Proofs taken in open court showed that said company filed with the board of assessors a personal tax statement for the year 1914, in which was listed $2,500 in money deposited in banks, the only personal property of said company subject to taxation. The tax statement also contained a list of the debts due or to become due from said company, which debts more than equaled the amount of money deposited in the banks. The court denied the petition for an order directing the receiver to pay said taxes. The city of Detroit has appealed to this court from the order.

The claim of the city is:

"There is nothing in section 3832 of our statute that especially exempts money deposited in a bank from taxation. Money is tangible personal property, as much so as any other class of personal property enumerated for taxation purposes in section 3831 of the statute. It was not the intention of the legislature in classifying personal property for taxation purposes, as provided for by said section 3831, to permit the moneys of the taxpayer, although deposited in a bank, to be set off by his debts in assessing taxes against him" (citing several cases).

The case requires the construction of certain portions of sections 3832 and 3842, 1 Comp. Laws, sections 1777 and 1787, 1 How. Stat. (2d Ed.). The provision of section 1777, important here, reads:

"The following personal property shall be exempt from taxation, to wit: * * * So much of the debts due or to become due as shall equal the amount of the *bona fide* and unconditional debts by the person owing."

184 Mich.—33.

Section 1787 provides for the blank forms to be used by the assessing officer. Under the heading "Personal Property Credits" appears the following:

2. "All credits of every kind owing to such person, * * * including all deposits in banks."

As long ago as in 1875, Justice CAMPBELL, speaking for this court, said:

"It is well settled that in the case of all but special deposits the money deposited becomes the property of the banker, and he becomes the debtor of the depositor." *Perley* v. *Muskegon*, 32 Mich. 132, 20 Am. Rep. 637.

To the same effect are *Davis* v. *Bank*, 53 Mich. 163 (18 N. W. 629); *Neely* v. *Rood*, 54 Mich. 134 (19 N. W. 920, 52 Am. Rep. 802); *Grammel* v. *Carmer*, 55 Mich. 201 (21 N. W. 418, 54 Am. Rep. 363); *People* v. *Wadsworth*, 63 Mich. 500 (30 N. W. 99); and *Stumpf* v. *Storz*, 156 Mich. 228 (120 N. W. 618, 23 L. R. A. [N. S.] 152, 132 Am. St. Rep. 521).

We have examined the cases cited by counsel for appellant, and find them based upon statutory provisions unlike those of our statutes.

The decree is affirmed, with costs.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.