UNITED STATES RADIATOR CORPORATION v. COUNTY OF WAYNE.

1. TAXATION—CREDITS—BANKS—DEPOSIT.
   Money deposited in a bank is not assessable as chattels but as credits.

2. SAME—FRAUD—REVIEW.
   In determining the valuation of personal property the judgment of the assessors is final, in the absence of fraud or illegality, and the court does not substitute its opinion for their judgment when honestly exercised.

3. SAME—JURY.
   The statements made by property owners are not binding upon the assessors and are for the purpose of assisting these officers in making a proper and just assessment of the property: the assessor in making an assessment must exercise his own judgment and the question cannot be left for a jury to determine.

4. SAME—DEBTS—ASSESSMENT.
      An assessment on money on deposit in a bank as person-
      alty is not sustainable and plaintiff was entitled to recover
      back a tax so levied and paid under protest, being entitled
      to have its deposits charged off against its debts, whether
      or not the assessment had been made by the officer by
      reducing the value of other personal property so as to
      more than offset the sums on deposit.

Error to Wayne; Lamb, J., presiding. Submitted
June 14, 1916. (Docket No. 121.) Decided July 21,
1916.

Assumpsit by the United States Radiator Corpora-
tion against the county of Wayne for taxes paid under
protest. Judgment for plaintiff on a verdict directed
by the court. Defendant brings error. Affirmed.

*Charles H. Jasnowski*, Prosecuting Attorney, and
*Paul W. Voorhies*, Assistant Prosecuting Attorney
(*Walter Barlow*, of counsel), for appellant.

*Miller, Smith, Canfield, Paddock & Perry*, for ap-
pellee.

KUHN, J. In this suit plaintiff recovered a judg-
ment in the sum of $670.95 because of an alleged over-
assessment of State and county taxes taxed against
the plaintiff on its personal property for the year 1912.
At the conclusion of the testimony introduced by the
respective parties the court, on motion of the plaintiff's
counsel, directed a verdict for this amount, and this
action on the part of the trial court is the only ques-
tion presented for review by the record in this case.

The plaintiff filed a statement of its personal prop-
erty sworn to by Mr. Charles W. Garrett, its assistant
treasurer, with the board of assessors of the city of
Detroit for the year 1912. Previous to making the
assessment Mr. Nagel, the assessing officer, made such
investigation as he deemed requisite respecting the

personal property of the plaintiff, and from the information received by him from Mr. Garrett, as well as from his own knowledge of the company's property, he determined and fixed the valuation of such property at the sum of $308,900, and assessed the plaintiff at that figure. This assessment included an item of $165,600 cash in banks, which was assessed as a chattel under the practice then in vogue in the assessor's office. A petition was filed with the board of review by the plaintiff, asking that the assessment on the money in banks be remitted as illegal. This matter was referred to counsel for the board, who advised that it was assessable as a chattel under the practice up to that date, and the plaintiff's petition was denied. Plaintiff thereupon paid its tax for the year 1912 under threat of levy and under protest.

The question of whether moneys in banks should be assessed by the assessing officers as chattels or as credits was decided adversely to the city's contention in the case of *City of Detroit* v. *Hertz,* 184 Mich. 512 (151 N. W. 564). The instant suit was brought to recover claimed illegal taxes on deposits in banks and resulted in the judgment above referred to. It is the contention of the defendant's counsel as stated in his brief:

"That because the several items of personal property, other than the money deposited in banks, contained in plaintiff's tax statement, were reduced in value by the assessing officer by an amount far in excess of the amount of money deposited in the banks, the plaintiff should not be entitled to recover the judgment for $670.95, rendered against the defendant herein."

And no question is made but that, under the decision in *City of Detroit* v. *Hertz, supra,* the plaintiff had a right to have its moneys in the banks offset its debts, and that in this case the moneys were improperly assessed. On the other hand, it is the contention of the

plaintiff that the defendant cannot attack the values placed by the assessors on plaintiff's property, and that neither the plaintiff nor the defendant can go behind such assessment, in the absence of fraud or illegality. Broadly it seems to be the contention of the defendant that, before the plaintiff can recover for the illegal tax on the bank deposits, it must be made to appear that the plaintiff was required by the assessment complained of to pay more than its just proportion of the taxes for the year 1912. No claim, however, is made of any fraud, and in the absence of a showing of fraud it must be assumed that the assessing officers acted honestly in reaching the assessment and fixing the value on the plaintiff's property.

The making of assessments has been confided by law to the assessing officers and the board of review, and the judgment of these officials is final in the absence of fraud or illegality. As was early said by Mr. Justice COOLEY in *Merrill* v. *Humphrey*, 24 Mich. 170, the courts will not substitute their opinion for the judgment of assessing officers if honestly exercised.

The statements made by the property owners are not binding upon the assessors, and are for the purpose of assisting these officers in making a proper and fair assessment of the property. The valuations therein stated are not conclusive (*Bowman* v. *Montcalm Circuit Judge*, 129 Mich. 608 [89 N. W. 334]), and the assessor must exercise his own judgment in making the assessment

Counsel for defendant urge that the question here presented should have been left to the jury, but it must be clear that the making of an assessment cannot be left to them for the reason just stated; that is, that this power is given solely to the assessing officers. The cases of *Detroit Fire & Marine Ins. Co.* v. *Hartz*, 132 Mich. 518 (94 N. W. 7), and *Northern Assurance Co.* v. *Detroit Common Council*, 176 Mich. 80 (141 N. W.

904), have not escaped our attention, and we think are readily distinguishable from the situation here presented. In these cases the statute provided a method for reaching a value, and the assessors had no judgment to exercise.

We are of the opinion that the verdict was properly directed, and the judgment is therefore affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.