ROBERTS et al., State Board of Equalization, v. LYNCH, County Assessor.

No. 3489.    Decided June 16, 1920.    (190 Pac. 930.)

1. STATUTES—CONSTRUED AS WHOLE. What a statute says must be taken as a whole in construing it.

2. TAXATION—BANK DEPOSITS ASSESSABLE AS SOLVENT CREDITS, AND TAXPAYER ENTITLED TO DEDUCT DEBTS. Under Comp. Laws 1917, sections 5865, 5877, bank deposits should be assessed for taxation to the depositors as solvent credits, not as money, and from the sum total of his credits a taxpayer is entitled to a deduction of debts owing by him.

Action by B. H. Roberts and others, constituting the State Board of Equalization, against James E. Lynch, as County Assessor of Salt Lake County.

COMPLAINT DISMISSED.

*Cheney, Jensen & Holman,* of Salt Lake City, for plaintiffs.

*John A. Marshall, A. L. Hoppaugh, James Ingebretsen,* and *Richard Hartley,* Co. Atty., all of Salt Lake City, for defendant.

WEBER, J.

By this action plaintiffs seek to compel defendant, the assessor of Salt Lake county, to assess as money or cash in hand the bank deposits of the various taxpayers of the county. Plaintiffs allege that in violation of an order issued by the state board of equalization defendant has treated bank deposits as credits from which the debts of the taxpayer may be deducted.

It is conceded that bank deposits are taxable and should be assessed to the depositors. It is also conceded that the relation between a general depositor and a bank is that of creditor and debtor; that the general deposit becomes the property of the bank and becomes and is part of a general

fund from which the depositor is paid on demand.   The
question presented for decision is whether bank deposits shall
be assessed for taxation as money or as solvent credits.   If
they are assessed as money, the depositor is not entitled to
deduct his debts, and, if bank deposits are assessed as solvent
credits, the taxpayer may deduct his bona fide debts.

The statutes of the different states relating to the assess-
ment of bank deposits are so variant that the decisions of
courts of other states in accord with the varying provisions
of different statutes are of little, if any, assistance in ar-
riving at a conclusion in the present case. · In some of the
states money is defined as including bank deposits.   For in-
stance, in Texas bank deposits are regarded as cash, not as
credits, because the statute defines money as including
"every deposit which any person owning the same or holding
in trust and residing in this state is entitled to withdraw in
money on demand."   *Campbell* v. *Wiggins,* 2 Tex. Civ. App.
13, 20 S. W. 735.

Referring to *Gray* v. *Street Com. of Boston,* 138 Mass.
414, counsel for plaintiffs insist that "the court had before
it a situation as nearly identical to the one before this court ·
as two situations could possibly be."  ˙The statute of Mass-
achusetts defining personal property distinguishes money on
deposit from debts due the person, and the section of the
statute of that state setting forth the form of valuation list
made by the assessor provides that in the column for "rata-
ble cash assets" the assessor ˙shall enter the " 'amount of
money at interest more than the person assessed pays in-
terest for, including ₐpublic securities; the amount of money
on hand, including deposits in any bank or in any savings
bank, which is not exempted by law from taxation;' and
other kinds of personal estate."   The Massachusetts decision
was based upon a statute that differs radically from that of
this state, and it follows that the case throws little light upon
the question now involved.   Nor can we accept *Beard* v. *Peo-
ple's Savings Bank,* 53 Ind. App. 185, 101 N. E. 325, as
persuasive.   In Indiana the statute provides in its tax sched-
ule for the entry, as the first item, of "money on hand or

on deposit," thus treating, for taxation purposes at least, money on hand the same as money on deposit.

In Michigan the Legislature has listed money under "personal property credits," and in *City of Detroit* v. *Hertz*, 184 Mich. 512, 151 N. W. 564, the court concludes that money on deposit is a credit because so listed by the Legislature.

It would be futile to further notice decisions based on statutes unlike those of Utah. We are in full accord with counsel for plaintiffs when they say:

"The question of whether the Legislature has authorized any deduction of indebtedness from moneys on deposit in banks is one determined by the provisions of the taxation laws of this state, and in their provisions the answer must be found."

In section 5865, subd. 6, Comp. Laws Utah 1917, the word "credit" in the sense in which it is used in the statutes on taxation is defined as "those solvent debts, secured or unsecured, owing to a person."

Section 5877 provides that the assessor may require from any person a statement under oath setting forth specifically all the real and personal property owned by such person or in his possession or under his control at 12 o'clock M., on the 1st day of January. Such statement must be in writing, showing separately, among other things, the following:

"1. All property belonging to, claimed by, or in the possession, or under the control or management of such person. * * *

"5. A statement of all lands in parcels or subdivisions, not exceeding 640 acres each, and the sections and fractional sections of all tracts of land containing more than 640 acres which have been sectionized by the United States government; improvements, and personal property, including all vessels, steamers, and other water craft, and all taxable state, county, city, or other municipal or public bonds, and the taxable bonds of any person, firm, or corporation, and the deposited money, gold dust, and other valuables, and the names of the persons with whom. such deposits are made, and the places in which they may be found; all mortgages, deeds of trust, contracts, and other obligations by which a debt is secured, and the property affected thereby;

"6. All solvent credits, secured or unsecured, due or owing to such person, or to any firm of which he is a member, or due or owing to any corporation of which he is president, secretary,

cashier, or managing agent, deducting from the sum total of such credits only such debts, secured or unsecured as may be owing by such person, firm or corporation."

The above section was borrowed from either Montana or California; the latter state having enacted in 1872 what is substantially section 5877, supra. Instead of using the words "deposited money, gold dust or other valuables," both the California and Montana statutes read:

"Deposits of money, gold dust or other valuables and the names of the persons with whom such deposits are made and the places where they are to be found."

Money, gold dust, and other valuables are placed in a class by themselves, and are referred to as "such deposits"—i. e., such deposits of money, such deposits of gold dust, such deposits of other valuables. The deposits referred to are special deposits, the money, gold dust, diamonds, or other valuables being placed in some drawer, safe, or other receptacle, the transaction being a bailment and the bailor being entitled to a return of the identical property that has been deposited. It appears that the particular questions here involved has not been decided by the Supreme Court of either Montana or California, but in *Clark* v. *Maher*, 34 Mont. 399, 87 Pac. 272, it was held that moneys due from other banks and subject to draft are solvent credits from which the depositing bank is entitled to deduct its debts.

*Pacific Coast Sav. Soc.* v. *San Francisco*, 133 Cal. 14, 65 Pac. 16, is to the effect that a balance of money account on general deposit in a bank outside of the state held by a corporation having its principal place of business in the state, is taxable as a solvent credit to the California corporation. If deposits in banks outside of the state are considered solvent credits from which the California taxpayer may deduct his bona fide debts, why should not his deposits in banks inside the state be considered solvent credits under the laws of either California or Utah? It would be splitting hairs to distinguish between the words "deposit of money," as used in the California and Montana statutes, and "deposited money," as it occurs in our tax law. "Deposited

money, gold dust, and other valuables, with whom such deposits are made and the places in which they may be found" means something different from credit balances in bank accounts. This is evident from the fact that "deposited" is used not. only in connection with money, but also refers to gold dust and other valuables, the whole sentence plainly referring to money that is deposited as gold dust is deposited, or as other valuables are deposited, in some "place of deposit"—some receptacle, safe, or vault—and not to a debt due from some one, or to a bank deposit which is but a debt from the bank to the depositor. The directions that the taxpayer shall "give the names of the persons with whom such deposits are made and the places where they may be found" plainly indicate that for the purpose of preventing such property from escaping taxation the Legislature provided for the disclosure of the hiding places where gold dust, jewelry, diamonds, coin, money, and other valuables were placed or secreted.

In their argument plaintiffs refer to "deposited money," and when they say that the Legislature in Utah has excluded "deposited money" from the classification of solvent credits, they treat the words "deposited money as synonymous with "bank deposits." What the statute says must be taken as a whole. Particular words taken from the context may be given and may often have an entirely different meaning than when read in connection with the language with which they occur in the statute. So here "deposited money," when standing alone, separated from the sentence in which it occurs, might fairly be held to include bank deposits, but, in our opinion, "deposited money" as used in section 5877, supra, cannot reasonably be defined or construed as embracing bank deposits. If the Legislature intended to exclude bank deposits from the classification of solvent credits, it would unquestionaоly have employed language similar to that used in Massachusetts or some of the other states and would have said "money on hand, including deposits in any bank," etc. If it was the intention to take bank deposits from the class of solvent cred-

its and for the purpose of taxation transmute a credit in a bank into actual money in the taxpayer's hand or pocket, the Legislature would certainly have resorted to the use of more suitable language to express such intent.

In our opinion, bank deposits should be assessed to the depositors as solvent credits, and from the sum total of his credits the taxpayer is entitled to a deduction **2** of such debts as may be owing by him. The complaint in this case is therefore dismissed.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.