Zimmerman, J.
 

 This is an appeal by C. P. Kettering, Inc., a Delaware corporation, from a decision of the Board of Tax Appeals which affirmed corrected
 
 *420
 
 Ohio franchise taxes against appellant, computed by the appellee Tax Commissioner for the years 1938, 1939, 1940’and 1941, in the respective additional amounts of $5,858.23, $5,807.59, $5,875.41 and $5,759.45.
 

 In making the redetermination of the franchise taxes, appellant’s investments within and without Ohio as returned by it were not disturbed, but the whole of appellant’s income, represented by dividends on shares of stock and including returns from investments, notes and accounts receivable, was transferred from “business outside Ohio” to “Ohio business.” Appellant’s entire bank account in the Winters National Bank & Trust Company of Dayton, Ohio, was also allocated to Ohio and so taxed.
 

 The appellant contends in its assignment of errors that the board erred in determining the base for the computation of the franchise taxes for the years specified, in that it allocated to Ohio business, income from investments, notes and accounts receivable, when such items should have been accorded an allocation or situs outside Ohio.
 

 Prom the stipulation as to facts signed by opposing counsel, it appears that appellant was organized in 1925 under the laws of the state of Delaware for the purpose, among other things, of acquiring, holding, encumbering and selling all kinds of property, entering into and performing all kinds of contracts, dealing-in all kinds of negotiable and transferrable instruments, and issuing bonds, debentures and obligations.
 

 It acquired forthwith securities, Ohio and Michigan real estate, and other miscellaneous assets belonging to one C. P. Kettering individually, in exchange for which he received the entire authorized capital stock of the corporation, consisting of some 10,000 shares of common stock without par value. The whole business of the corporation has been confined to the holding and
 
 *421
 
 management of the assets obtained from Mr. Kettering.
 

 While appellant has a statutory office in the state of Delaware, its principal office has been in the city of Dayton, Ohio. All dividend checks, rentals and other income were received and handled at the Dayton office during the period in controversy and were deposited to appellant’s account in the Winters National Bank & Trust Company of Dayton.
 
 This ivas its only bank account.
 

 Appellant’s president and chief shareholder, C. F. Kettering, although domiciled in Ohio, resided elsewhere most of the time and gave instructions to those operating the Dayton office as to the conduct of appellant’s affairs, from wherever he might be at the particular moment.
 

 Directors’ and shareholders’ meetings, were held at intervals in Dayton, Ohio, and also at places outside Ohio to suit the convenience of Mr. Kettering.
 

 It is insisted by appellant that as a Delaware corporation, with its domicile there, it is not subject to a franchise tax .in Ohio measured by income produced from property without such state, and that the statutes of Ohio relied upon by appellee do not authorize the taxes. as imposed.
 

 Appellee’s position is that appellant’s corporate functions were exercised at Dayton, Ohio; that, predicated upon the latter part of Section 5498, General Code, the allocation of the value of intangible property as in or out of Ohio, in computing the property factor under that section, is governed by Sections 5328-1 and*5328-2, General Code; and that applying the sections last mentioned to the facts of this case, the determinations of the appellee and the board can and should be approved.
 

 By Section 5325-1, General Code, the term “busi
 
 *422
 
 ness,” as used in the statutes relating to taxation, “includes all enterprises of whatsoever character conducted for gain, profit or income and extends to personal service occupations.”
 

 Section 5495, General Code, recites that the Ohio franchise tax on corporations organized under the laws of another state or country shall be for the privilege of doing business in Ohio 'or owning or using a part or all of their capital or property therein.
 

 Section 5498, General Code, relates to the determination of the vgilue of outstanding shares of corporate stock and of intangible property, and reads in part:
 

 “For the purpose of this act, the valúe of the issued and outstanding shares of stock of any such corporation shall be deemed to be the total value, as shown by the books of the company of its capital, surplus, whether earned or unearned, undivided profits, and reserves * * *. The commission shall then determine as follows the base upon which the fee provided for in Section 5499 of the General Code shall be computed. Divide into two equal parts the value as above determined of the issued and outstanding shares of stock of each corporation filing such report. Take one part and multiply, by a fraction whose numerator is the fair value of all the corporation’s property owned or used by it in Ohio and whose denominator is the fair value of all its property wheresoever situated in each case eliminating any item of good will; take the other part and multiply by a fraction whose numerator is the value of the business done by the corporation in this state during the year preceding the date of the commencement of its current annual accounting period and whose denominator is the total value of its business during said year wherever transacted.
 

 “In determining the amount or value of intangible property * * * owned or used in this state by * * * a
 
 *423
 

 *
 
 * * foreign corporation the commission shall be guided by the provisions of Section 5328-1 and 5328-2 of the General Code * ’* V’
 

 The pertinent contents of Section 5328-1, General Code, provide that property of the kinds and classes mentioned in Section 5328-2, General Code, used in and arising out of business transacted in this state by, for or on behalf of a nonresident person shall be subject to taxation.
 

 Section 5328-2, General Code, reads in part:
 

 “Property of the kinds and classes herein mentioned, when used in business, shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the circumstances following:
 

 “In the case of accounts receivable, when resulting from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein, or from services performed by an officer, agent or employee connected with, sent from, or reporting to any officer or at any office located in such other state. # * *
 

 “In the case of deposits (other than such as are used in business outside of such other state), when with-drawable in the course of such business by an officer or agent having an office in such other state; but deposits representing general reserves or balances of the owner thereof, maintained for the purpose of his entire business, wherever transacted, shall be considered located in the state * * * under whose laws it is organized, if a corporation, by whomsoever they may be withdraw-able.”
 

 The Board of Tax Appeals concluded from the record in this case that although appellant is a corporation organized under the laws of Delaware with a statutory office in the city of Wilmington, its principal cor
 
 *424
 
 porate activities, including the management of its securities and other property, and the receipt of income from its investments were centered in the city of Dayton, Ohio; that appellant’s notes and accounts receivable represented monies due from loans or advances made by it to individuals and corporations; that such loans and advances were effected through the personal services of those in charge of its affairs in the city of Dayton; and that the funds in appellant’s bank account in the Winters National Bank & Trust Company of Dayton may not be classified as general reserves or balances
 
 maintained
 
 (sustained at a fixed level) for the purpose of its entire business, wherever transacted.
 

 The interpretation of the facts and the application of the law thereto as made by the Board of Tax Appeals may in our opinion be sustained, with one exception. We find difficulty in following the decision with respect to its treatment of appellant’s deposit in the Winters National Bank & Trust Company.
 

 In its main brief, appellant asks the question, “-In determining the base under General Code Section 5498 for computation of franchise fees to be collected from - a foreign corporation having its principal place of business in Ohio, may the Tax Commissioner lawfully' include in the fair value of the property 'owned or used by such foreign corporation in Ohio, its deposit in an Ohio bank, being the only deposit owned by it?”
 

 Two facts are undisputed,
 
 viz,
 
 that appellant was and is a foreign corporation and that its deposit in the Dayton bank during the period involved represented its only bank account through which all its cash receipts were cleared and on which checks were drawn by its Dayton representatives for every purpose of its business. No claim is made in this case that appellant’s incorporation in the state of Delaware was not
 
 bona
 
 
 *425
 

 fide,
 
 or that its domicile there was purely a “paper domicile. ”
 

 Reading Sections 5328-1 and 5328-2, General Code, as they are connected with Section 5498, they mean that Ohio bank deposits of a foreign corporation or other nonresident are to be accorded an Ohio situs for the imposition of franchise taxes where they are used exclusively in business transacted in Ohio and are withdrawable by an officer or agent having an Ohio office. It logically ensues that where Ohio bank deposits of a foreign corporation are used by it in transacting its business generally, within and without Ohio, the sections do not contemplate that such deposits shall be taxed locally.
 

 In the instant case the deduction would seem warranted that at least a part of appellant’s general deposit in the Dayton bank was used in connection with its business outside Ohio. For example, as a part of its corporate activities appellant made certain loans and advances to individuals and corporations located without the territorial limits of Ohio, and owned property in another state in connection with which expenditures were required.
 

 Nor do we follow the decision of the board in its interpretation of the statutory phrase, “deposits representing general reserves or balances of the owner thereof, maintained for the purpose of his entire business, wherever transacted.” Giving the words used their ordinary and popular meaning and having regard for the apparent legislative intent, they relate to general reserves or balances, which need not be of a constant or unchanging amount, utilized by a foreign corporation for the purpose of its entire business.
 

 In other words, where a foreign corporation opens and keeps a general account in an Ohio bank and uses
 
 *426
 
 it in its business everywhere, such account is not taxable in this state, even though withdrawable by officers and agents in Ohio. Here, it is to be remembered that the funds in the Winters National Bank
 
 &
 
 Trust Company represented appellant’s sole bank account'. Having no other bank account, such account necessarily represented appellant’s general balance — the amount remaining at any time after charging withdrawals against deposits.
 

 We conclude, under the circumstances, that appellant’s bank account was not subject to a franchise tax in Ohio. If the matter were to be viewed differently, we can conceive of complications and difficulties in the field of taxation which might be encountered by corporations organized under the laws of Ohio maintaining general bank deposits in other states used in the conduct of their businesses.generally.
 

 Therefore, the decision of the Board of Tax Appeals is reasonable and lawful and is affirmed except as it pertains to appellant’s bank deposit in the Winters National Bank & Trust Company of Dayton. In this respect, it is unreasonable and unlawful and is reversed. The proceeding is remanded to the Board of Tax Appeals for further consideration and determinations not inconsistent with this opinion.
 

 Decision affirmed in part and reversed in part.
 

 Weygandt, C. J., Bell, Williams and Hart, JJ., concur.