Bell, J.
The first claim of error is stated by appellant as follows:
“1. The Board of Tax Appeals erred in holding that certain amounts owing to appellant by its customers (designated by said board as ‘accounts receivable’), and arising from sales made by agencies or branch offices of appellant located outside of the state of Ohio, had a situs in Ohio for purposes of taxation.”
The Board of Tax Appeals found that the value of the accounts receivable owned and used by appellant in Ohio for the respective years was: 1936 — $7,883,886.19; 1937 — $9,484,197.02; 1938 — $10,047,058.85; and 1939— $8,736,181.77.
These amounts were arrived at as follows:
For the year 1936.
Ohio sales, $ 753,863.19
Sales outside Ohio 10,849,422.40
Total 11,603,285.59
Deducted by Board of Tax Appeals 3,719,399.40
$ 7,883,886.19
*602 For the year 1937.
Ohio Sales $ 907,851.60
Sales outside Ohio 13,350,066.77
Total 14,257,918.37
Deducted by Board of Tax Appeals 4,773,721.35
$ 9,484,197.02
For the year 1938.
Ohio sales $ 1,031,733.21
Sales outside Ohio 13,613,044.95
Total 14,644,778.16
Deducted by Board of Tax Appeals 4,597,719.31
$10,047,058.85
For the year 1939.
Ohio sales $ 928,699.84
Sales outside Ohio 12,347,665.59
Total 13,276,365.43
Deducted by Board of Tax Appeals 4,540,183.66
$ 8,736,181.77
The respective deductions made by the Board of Tax Appeals represent the sum total of sales outside of Ohio which were filled from stocks of goods located outside Ohio.
The appellant held non-interest-bearing promissory notes for the amounts of the accounts receivable. Some of such notes matured within one year and the remainder in one year or longer from the dates of their inception. Appellant’s claim as to the accounts receivable is two fold: First, that, except those growing *603 out of sales within Ohio, they do not have an Ohio situs for purposes of taxation; and, second, that the amounts represented by notes which matured one year or more from the dates of their inception are not accounts receivable but are either investments or other • intangible property.
We direct our attention first to the question whether the accounts receivable, arising from sales outside Ohio and filled from a stock of goods in Ohio, have an Ohio situs for purpose of taxation.
Section 5498, General Code, provides in part as follows :
< < * * * in determining the amount or value of intangible property, including capital investments, owned or used in this state by either a domestic or foreign corporation the commission [commissioner] shall be guided by the provisions of Sections 5328-1 and 5328-2 of the General Code * *
Appellant lays great stress upon Section 5328-2, General Code, and the reciprocal provision thereof.
Sections 5328-1 and 5328-2, General Code, are in pari materia and must be construed together.
Section 5328-1, General Code, insofar as applicable here, provides:
“* * * Property of the kinds and classes mentioned in Section 5328-2 of the General Code, used in and arising out of business transacted in this state by, for or on behalf of a non-resident person * # * shall be subject to taxation * *
It should be emphasized that that section provides for taxation of property of a non-resident (foreign corporation). Accounts' receivable used in and arising out of business transacted in Ohio on behalf of a foreign corporation are subject to taxation in this state.
Section 5328-2, General Code, in part provides:
“Property of the kinds and classes herein men- - *604 tioned, when used in business, shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the circumstances following:
“In the case of accounts receivable, when resulting from the sale of property sold by an agent having an office in such other state or from a stock of goods maintained therein, or from services performed by an officer, agent or employee connected with, sent from, or reporting to any officer or at any office located in such other state.* * *” (Emphasis supplied.)
Applying that section to the facts in the instant case, it means that accounts receivable belonging to a Maryland corporation, when resulting from sales of property by an agent having an office in Ohio or from a stock of goods maintained in Ohio, shall be considered to arise out of business transacted in Ohio.
Section 5325-1, General Code,' defines the term used in business, as used in both Sections 5328-1 and 5328-2, General Code, as follows:
“Within the meaning of the term ‘used in business,’ occurring in this title, personal property shall be considered to be ‘used’ when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or when stored or kept on hand as material, parts, products or merchandise; but merchandise or agricultural products belonging to a non-resident of this state shall not be considered to be used in business in this state if held in a storage warehouse therein for storage only. Moneys, deposits, investments, accounts receivable and prepaid items, and other taxable intangibles shall be considered to be ‘used’ when they or the avails thereof are being applied, or are intended to be applied in the conduct of the business, whether *605 in this state or elsewhere. ‘Business’ includes all enterprises of whatsoever character conducted for gain, profit or income and extends to personal service occupations.” (Emphasis supplied.)
There can be no dispute that in the instant case the avails of the accounts receivable were being applied or were intended to be applied in the conduct of appellant’s business.
The Board of Tax Appeals found that the amount of the accounts receivable which should be included in the base for computing the tax was the sum total of the amount of Ohio sales plus the amount of outside Ohio sales where the goods were shipped from a stock of goods maintained in Ohio.
Its decision upon this branch of the cases may be summarized as follows:
Accounts receivable which resulted from sales made by agents outside Ohio, where the product was delivered from a stock of goods maintained outside Ohio (for convenience called consignment sales), did not have an Ohio situs for purposes of taxation. Accounts receivable resulting from sales made within Ohio and sales made outside of Ohio, where the product was delivered from a stock of goods maintained in Ohio (for convenience called shipment sales) and the avails thereof were used or intended to be used in the business, did have an Ohio situs for purposes of taxation.
That brings us to a consideration of the claim that the amounts represented by notes maturing one year or more from the date of their inception were not “accounts receivable, ’ ’ but were either investments or other intangible property.
The record discloses that, for the four years in question, the appellant held non-interest-bearing notes, which matured in one year or more from the date of their inception, in the sum of $17,714,233.07.
*606 These notes, appellant claims, should not be included in the base for computation.
Where one sells property in the ordinary course of business, other than for cash, the amount of the purcase price due the seller is an “account receivable” and this is true even though such amount is evidenced by one or a series of notes. Such note or notes are merely written evidence of the debt, which fix the time or times and the amount or amounts of payment.
The notes here involved do not come within the term investment as defined by Section 5323, General Code, which reads in part:
“* * * Interest bearing obligations for the payment of money, such as bonds, certificates of indebtedness, debentures and notes.” (Emphasis supplied.)
Clearly under that section, to be classified as an investment, the obligation must bear interest; admittedly these notes did not.
The conclusion reached by the Board of Tax Appeals upon the question of the accounts receivable is both reasonable and lawful.
The appellant cites and to some extent relies upon the cases of Ransom & Randolph Co. v. Evatt, Tax Commr., 142 Ohio St., 398, 52 N. E. (2d), 738, and Haverfield Co. v. Evatt, Tax Commr., 143 Ohio St., 58, 54 N. E. (2d), 149. In each of those cases the court was dealing with the liability of an Ohio corporation, under a state of facts dissimilar to the facts in the instant cases. The conclusions there reached are not inconsistent with our present conclusions.
The second error complained of by appellant is stated as follows:
“2. The Board of Tax Appeals erred in holding that certain deposits maintained' by appellant in banks outside of the state of Ohio had a situs in' Ohio for purposes of taxation.”
The appellant did not include in its present returns *607 balances in banks located outside of Ohio. The amounts of the deposits for the years in question in banks outside of Ohio were as follows:
Year Deposits outside Ohio
1936 $1,346,291.46
1937 1,030,618.04
1938 949,061.35
1939 1,769,365.55
Total $5,095,336.40
The Board of Tax Appeals disposed of this feature of the cases upon the basis of its decision in the proceedings of C. F. Kettering, Inc., v. Evatt, Tax Commr., Board of Tax Appeals Docket No. 5798. However, upon appeal this court reversed that part of the decision of the Board of Tax Appeals as it applied to bank deposits. C. F. Kettering, Inc., v. Evatt, Tax Commr., 144 Ohio St., 419, 425, 59 N. E. (2d), 370.
The undisputed evidence, in the instant cases, leads directly to the conclusion that these bank deposits represented general reserves or balances belonging to this Maryland corporation, maintained in several different banks outside of Ohio for the purpose of its entire business wherever transacted and, therefore, under the provisions of Section 5328-2, General Code, must be considered as located in the state of Maryland and not subject to taxation in Ohio. Upon this branch of the cases the decision of the Board of Tax Appeals is unlawful and must be reversed.

Decision affirmed in part and reversed in part.

Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.