By the Court.
 

 This ease is here on an appeal from a decision of the Board of Tax Appeals, wherein certain bank deposits of the Sheffield Steel Corporation, an Ohio corporation, were held to be taxable in this state.
 

 
 *208
 
 It appears that Sheffield' is a subsidiary of and is wholly owned by the American Rolling Mill Company (Armco) which operates a plant at Middletown, Ohio.
 

 During the period of time involved, Sheffield was engaged in manufacturing iron and steel products in plants situated in the states of Missouri and Oklahoma. Those of its officers who were in charge of managing the business were located at Kansas City, Missouri.
 

 Pursuant to the provisions of Section 5379, General Code, Armco filed consolidated personal property tax returns for the years 1938, 1939 and 1940, in which returns the bank deposits of Sheffield, maintained in Kansas City, Missouri, and Tulsa, Oklahoma, were shown as being' outside Ohio and not taxable in this state.
 

 Upon an audit of such tax returns, the Ohio Tax Commissioner made amended assessments and established the situs of such deposits in Ohio for taxation purposes.
 

 On appeal, the Board of Tax Appeals modified and affirmed as modified the action of the Tax Commissioner determining that these bank deposits, with two exceptions not now in issue, represented 'general reserves or balances of Sheffield used'for the purpose of-its business wherever transacted, within the terms of Section 5328-2, General Code, and consequently were taxable in Ohio.
 

 Section 5328-1, General Code, reads in part:
 

 “All * * * deposits * * * of persons residing in this state shall be subject to taxation [with certain exceptions not here involved] * * * and all
 
 * * *
 
 [deposits of the kinds and classes mentioned in Section 5328-2, General Code] of persons residing in this state used in and arising out of business transacted outside of this state by, for or on behalf of such persons * * * shall not be subject to taxation. * *
 
 *”
 

 
 *209
 
 However, Section 5328-2, General Code, after fixing an outside-Ohio situs for certain deposits, provides,
 
 inter alia:
 

 “*
 
 * * but deposits representing general reserves or balances of the owner thereof, maintained for the purpose of his entire business, wherever transacted, shall be considered located in the state * * * under whose laws it is organized [Ohio], if a corporation, by whomsoever they may be withdrawable. * * *
 

 ‘ ‘ The provisions of this section shall be reciprocally applied, to the end that all property of the kinds and classes mentioned in this section having a business situs in this state shall be taxed herein and no property of such kinds and classes belonging to a person residing in this state and having a business situs outside of this state shall be taxed. It is hereby declared that the assignment of a business situs outside of this state to property of a person residing in this state in any case and under any circumstances mentioned in this section is inseparable from the assignment of such situs in this state to property of a person residing outside of this state in a like case and under similar circumstances. If any provision of this section shall be held invalid as applied to property of a non-resident person, such decision shall be deemed also to affect such provision as applied to property of a resident, but shall not affect any other provision hereof.”
 

 ' Although the record in this case is indefinite and unsatisfactory in a number of respects, it indicates that the bank deposits in issue were general checking accounts used and available for all purposes connected with Sheffield’s business, including the payment of dividends and taxes in Ohio and other states. Sheffield maintained sales offices in several states west of the Mississippi river, the expenses of which were paid by cheeks drawn on these general bank accounts. The salaries and wages of salesmen and others em
 
 *210
 
 ployed in the various sales offices were likewise paid from the same source.
 

 Some of the officers of Sheffield resided in Ohio and the directors meetings were held in this state. The minutes of shareholders and directors meetings were kept by Sheffield’s secretary in Ohio and various tax returns were prepared in Ohio from data furnished by the offices of Sheffield situated elsewhere.
 

 The evidence produced would indicate that the bank deposits in controversy were used in Sheffield’s business outside the states of Missouri and Oklahoma, and, although they were withdrawable by Sheffield’s officers in those states, they may justifiably be classed as general reserves or balances maintained for the purposes, of the corporation’s entire business wherever transacted, within the purview of provisions of Section 5328-2, General Code, thus rendering the deposits taxable in Ohio, the situs of Sheffield’s incorporation.
 

 Applying conversely the principles enunciated by this court in the cases of
 
 C. F. Kettering, Inc.,
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 419, 59 N. E. (2d), 370, and
 
 National Cash Register Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 145 Ohio St., 597, 62 N. E. (2d), 327, we obtain the rule that where it is demonstrated that a corporation organized and existing under the laws of Ohio maintains general bank deposits outside Ohio which are used by it in transacting its business generally in a number of states, such bank deposits are taxable in this state by the application of Sections 5328-1 and 5328-2, General Code.
 

 All statutes granting exemption from taxation must be strictly construed. In the absence of statutes exempting the deposits involved in this case, they are subject to taxation in this state. Under the maxim,
 
 “mobilia sequuntur personam,”
 
 personal property outside Ohio, when owned by a resident of Ohio, is taxable in Ohio.
 

 
 *211
 
 The decision of the Board of Tax Appeals being neither unreasonable nor unlawful is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.