*451
 
 Sohngen, J.
 

 The sole question in this case is whether the minimum balances maintained by appellant in the minor bank accounts outside Ohio had a situs in Ohio for the purpose of taxation.
 

 The general rule is that intangibles have a tax situs at the domicile of the owner, and it is well established that the domicile of a corporation is the state of its organization.
 
 McBride, Exrx.,
 
 v.
 
 City of Jersey City,
 
 19 N. J. Misc., 637, 22 A. (2d), 567;
 
 Commonwealth
 
 v.
 
 Mundy Corp.,
 
 346 Pa., 482, 30 A. (2d), 878;
 
 In re
 
 Trus
 
 con Steel Co.,
 
 246 Mich., 174, 224 N. W., 653;
 
 Fidelity & Columbia Trust Co., Exr.,
 
 v.
 
 City of Louisville,
 
 245 U. S., 54, 62 L. Ed., 145, 38 S. Ct., 40;
 
 Pacific Coast Savings Society
 
 v.
 
 City of San Francisco,
 
 133 Cal., 14, 65 P., 16;
 
 Hunt
 
 v.
 
 Turner,
 
 54 Fla., 654, 45 So., 509;
 
 People, ex rel. United Verde Copper Co.,
 
 v.
 
 Feitner et al., Tax Commrs.,
 
 66 N. Y. Supp., 769, 54 App. Div., 217, affirmed, 165 N. Y., 645, 59 N. E., 1129.
 

 Under certain circumstances, deposits of a corporation can, for tax purposes, acquire a situs different from that of the domicile of the owning company. The conditions which must be met under Ohio statutes to establish a situs for deposits of a company other than the domicile of the company are set forth in Sections 5328-1 and 5328-2, General Code, the pertinent parts of which are as follows:
 

 Section 5328-1. “All * * * deposits * * * of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise pro' vided or exempted in this title; * * * and all such property of persons residing in this state used in and arising out of business transacted outside of this state by, for or on behalf of such persons, * * * shall not be subject to taxation.
 
 * * *”
 

 Section 5328-2. “Property of the kinds and classes herein mentioned, when used in business, shall be considered to arise out of business transacted in a state
 
 *452
 
 other than that in which the owner thereof resides in the cases and under the circumstances following: * * *
 

 “In the case of deposits (other than such as are used in business outside of such other state), when with-drawable in the course of such business by an officer or agent having an office in such other state; but deposits representing general reserves or balances of the owner thereof, maintained for the purpose of his entire business, wherever transacted, shall be considered located in the state * * under whose laws it is organized, if a corporation, by whomsoever they may be withdrawable. * * *
 

 “The provisions of this section shall be reciprocally ■applied, to the end that all property of the kinds and classes mentioned in this section having a business ■situs in this state shall be taxed herein and no property of such kinds and classes belonging to a person residing in this state and having a business situs outside of this state shall be taxed. It is hereby declared that the assignment of a business situs outside of this state to property of a person residing in this state in any case and under any circumstances mentioned in this section is inseparable from the assignment of such situs in this state to property of a person residing' outside of this state in a like case'and under similar circumstances. If any provision of this section shall be held invalid as applied to property of a nonresident person, such decision shall be deemed also to affect such provision as applied to property of a resident, but shall not affect any other provision hereof.”
 

 In order for a deposit to have a tax situs outside Ohio, all the conditions contained in Section 5328-2, General Code, must be complied with. One of the conditions is that the funds must be “withdrawable in the course of such business by an officer or agent having an office in such other state.”
 

 
 *453
 
 The record shows that the minimum balances in the instant case were, by company policy and by arrangement with the banks, maintained at all times. One of the appellant’s officers stated that the appellant borrowed money when needed, rather than use the funds contained in these minimum balances. The minimum balances were maintained at all times until the stores using the accounts were permanently closed. Then and only then were these minimum balances withdrawn. It is true that branch managers could have, at any time, legally withdrawn these funds. However, under the policy established by the company, this was not done. Clearly, these funds, although withdraw-able, were not withdrawable in the course of business, and, therefore, did not meet the condition of Section 5328-2, General Code. Another condition of Sections 5328-1 and 5328-2, General Code, is that the deposits must be used in business in such other state.
 

 In
 
 C. F. Kettering, Inc.,
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 419, 425, 59 N. E. (2d), 370, this court said:
 

 “Reading Sections 5328-1 and 5328-2, General Code, as they are connected with Section 5498, they mean that Ohio bank deposits of a foreign corporation or other nonresident are to be accorded an Ohio situs for the imposition of franchise taxes where they are used
 
 exclusively
 
 in business transacted in Ohio and are withdrawable by an officer or agent having an Ohio office.” (Italics ours.)
 

 The condition as held in the
 
 Kettering case, supra,
 
 is that the deposit be used
 
 exclusively
 
 for business transacted in such other state. It is clear from the record in the instant case that part of the money in these minor accounts was transferred to appellant’s Cincinnati office and was used in the general business of the company. The Tax Commissioner held, and it is not controverted, that «bout 71% of the funds in ex
 
 *454
 
 cess of the minimum balances was sent to the main office at Cincinnati and was so used.
 

 The minimum balances here in question arose from the same sources as the funds in excess of the minimum balances. The funds were placed in the same accounts for the same company, and the minimum balances for which the appellant claims there is no Ohio situs were all a part of these accounts, and it is agreed that certain parts of the deposits made in these accounts were used in the general business of the appellant company.
 

 Maintaining these minimum balances was evidently of advantage to the appellant in the conduct of its business, but since the funds in these minimum balances arose from the same source as the excess, the Board of Tax Appeals did not err in applying the percentage established by the Tax Commissioner and taxing them in the same manner as the excess.
 

 Therefore, the decision of the Board of Tax Appeals is reasonable and lawful and is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Hart and Zimmerman, JJ., concur.
 

 Turner, Matthias and Stewart, JJ., dissent.