Matthias, J.,
 

 dissenting. The question for decision in this case, as stated in the majority opinion, is as follows: Do the minimum balances maintained in the minor bank accounts (of the appellant) outside Ohio have a situs in Ohio for the purpose of taxation?
 

 Under the decision of the majority, if a company domiciled in Ohio maintains any daily balance in its bank deposits in another state the entire bank deposit in such other state becomes a reserve or balance maintained “for the purpose of its«entire business wherever transacted, ’ ’ regardless of the fact that such bank de
 
 *455
 
 posits are admittedly used in its business in such other state, and notwithstanding the fact that the funds deposited could legally be withdrawn “in the course of such business by an officer or agent having an office in such other state” as provided in Section 5328-2, General Code.
 

 Appellant maintains in Ohio and other states bank accounts which do constitute reserves and balances used for the purpose of its entire business. But the taxability of these accounts is not in issue here. We have for consideration only the so-called minor bank accounts from which the expenses of the business of the depositing branch store are paid by the branch manager, and from which accounts funds are periodically withdrawn to be deposited in other general accounts for general use in appellant’s business.
 

 To arrive at the conclusion that the minor bank accounts are taxable the majority disregards the definition of the phrase, “used in business,” as found in Section 5325-1, General Code. Then also to the language used in Sections 5328-1 and 5328-2, General Code, the majority has added a very significant word not found in any enactment of the General Assembly having application to the matter under consideration. That is the word “exclusively.” The decision seems in complete and direct conflict with the legislative purpose as clearly stated in Sections 5328-1 and 5328-2, General' Code, and with the definition of the phrase, “used in' business,” by Section 5325-1, General Code. The result is, as I view it, a head-on collision with the decisions of this court in the case of
 
 Ransom & Randolph Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 142 Ohio St., 398, 52 N. E. (2d), 738, and
 
 Haverfield Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 58, 54 N. E. (2d), 149.
 

 Section 5325-1, General Code, provides in part as follows:
 

 
 *456
 
 “Moneys,
 
 deposits,
 
 investments, accounts receivable and prepaid items, and other taxable intangibles shall be considered to be ‘used’ when
 
 they
 
 or the avails thereof
 
 are being applied, or are intended to be applied in the conduct of the business, whether in this state or
 
 elsewhere.”■ (Emphasis ours.)
 

 The record shows that if a balance be not maintained on deposit by the branch stores in local banks, snch banks would refuse to render those stores banking services, and, in the absence of the service by local banks, the appellant would be required to suffer the inconvenience and incur the expense of remitting the daily receipts of the branch stores to its general depositories. This would seem clearly to be a business use of the minimum balances so on deposit, and such balances are therefore “used in business in such other state” within the purview of the statutory provisions above quoted.
 

 As above stated there is no legislative employment of the word, “exclusively,” as adopted and applied by the majority. The phrase, “used in business,” is to be applied whether such use be in this state or elsewhere. There is no ambiguity in that language.
 

 The decision of this court in the case of
 
 C. F. Kettering, Inc.,
 
 v.
 
 Evatt, Tax Commr.,
 
 144 Ohio St., 419, 59 N. E. (2d), 370, is likewise no authority for the use of the word “exclusively.” In that case the company had only one bank account and that was in Ohio. The corporation being domiciled in Delaware this court held that a bank account used for the purpose of'its business generally did not have an Ohio situs. That was the result of the application of the clear provisions of Section 5328-2, General Code. Under those provisions we likewise may tax deposits of an Ohio corporation, located in another state, if they constitute funds used in the business generally. That case, how
 
 *457
 
 ever, does not Hold that Ohio conld not tax funds of a Delaware corporation, on deposit in this state, without proving that every dollar of the account had been used in business in Ohio, which would be the result if the word “exclusively” as used and applied in the
 
 Kettering case
 
 was given the meaning ascribed to it by the majority opinion in this case.
 

 The instant case results in taxing the deposits of an Ohio corporation used in business in another state and makes inapplicable the provisions of Section 5328-2, General Code, that “The provisions of this section [5328-2, General Code] shall be reciprocally applied, to the end that all property of the kinds and classes mentioned in this section having a business situs in this state shall be taxed herein and no property of such kinds and classes belonging to a person residing in this state and having a business situs outside of this state shall be taxed.”
 

 As I view it, the decision of this case is in direct conflict with the decisions of this court in the
 
 Ransom & Randolph
 
 and
 
 Haverfield cases
 
 above cited. Those cases involve the taxation of accounts receivable originating in other states and owned by an Ohio corporation. In each instance the court applied the definition of the term “used in business” as found in Section 5325-1, General Code, and held the accounts nontaxable. The decision in the instant case disregards the definition clearly prescribed by Section 5325-1, General Code. The net result is the application of one rule to taxation of deposits and a different rule to the taxation of accounts receivable, notwithstanding they are required to be similarly taxed by the express language of the statute.
 

 Turner and Stewart, JJ., concur in the foregoing dissenting opinion.