Per Curiam.

According to the record, the appellant company’s first contention is that it was not doing business in Ohio during the four years involved. No franchise tax return was made therefor.
Most of the controlling facts are not in dispute.
The present Delaware corporation is the successor of an Ohio corporation of the same name. On October 1, 1948, the old corporation transferred its assets to the new. These consisted of real estate, bank deposits, accounts receivable, notes, patent rights, three automobiles, etc. One of the automobiles is kept in Florida for the personal use of the company president, and the other two are kept and used in Ohio. No office is main *430 tained in Delaware or elsewhere outside Ohio, and all officers reside in Ohio. The company has no bank account or any of its business transactions outside Ohio. Company expenses are billed to and paid from Cleveland. All income is deposited in Cleveland banks. For the years 1949,1950 and 1951, the respective amounts were $40,592.97, $48,346.96 and $44,278.24. The company dividends have been declared and paid in Ohio.
Does this constitute doing business in Ohio? Was the appellant company’s property “acquired or held as means or instruments for carrying on the business,” within the purview of Section 5325-1, General Code (Section 5701.08, Revised Code)?
This court concurs in the following reasoning of the Board of Tax Appeals:
“Under the proof.made and errors assigned it conclusively appears that all of appellant’s assets and property, save its patents and its ‘experimental and development account,’, are and have had a continuous situs in this state. The two excepted items have been accorded a situs elsewhere. Throughout these tax years the state of Ohio and its local subdivisions have afforded protection to appellant and its property. Keeping in mind the facts, that practically all of appellant’s corporate activity has been done in Ohio, that no business is done elsewhere, that all its earnings and moneys are deposited in its two Ohio accounts, that appellant’s directors and corporate officials reside in Ohio, that its president, an Ohio resident, is the only one empowered to check against its accounts, and that all disbursements are made within Ohio and nowhere else, it follows that appellant’s property assessed is within the franchise tax base. It has a situs within this state even though it be a foreign and not a domestic corporation.”
This conclusion is consistent with the decision of this court in the case of Aluminum Co. of America v. Evatt, Tax Commr., 140 Ohio St., 385, 45 N. E. (2d), 118. Paragraphs one and two of the syllabus read:
“1. The franchise tax levied pursuant to Sections 5498 and 5499, General Code, on a foreign corporation is for the privilege of doing business in this state or owning a part or all of its capital or property in this state or for holding a certificate *431 oí compliance with the laws of this state authorizing it to do business in this state. (Section 5495, General Code.)
“2. 'Doing business’ in this state is only a pant of the privilege taxed under Section 5495, General Code. The tax also covers the privilege of owning a part or all of the foreign corporation’s capital or property in this state as well as the privilege of holding a certificate of compliance with the laws of this state.”
The appellant company’s next contention is that, even if doing business in Ohio, its Cleveland bank deposits have a foreign situs and therefore should not be included in the franchise tax base. This is answered by the following pronouncement in the first paragraph of the syllabus in the case of C. F. Kettering., Inc., v. Evatt, Tax Commr., 144 Ohio St., 419, 59 N. E. (2d), 370.
“1. A corporation, organized under the laws of another state but carrying on its principal corporate activities within Ohio, is subject to a franchise tax in this state, measured by the income and returns from its investments without Ohio, where it appears that such income and returns were received, handled and disbursed entirely by those operating its Ohio office, and a decision of the Board of Tax Appeals to that effect will not be reversed as unreasonable or unlawful.”
The appellant quotes and relies on the second paragraph of that syllabus relating to particular facts which, however, are readily distinguishable from those in the instant case. In that opinion it is stated that “no claim is made in this case that appellant’s incorporation in the state of Delaware was not bona fide, or that its domicile there was purely a ‘ paper domicile. ’ ’ ’ In the instant case the opposite claim is made since the company formerly was incorporated in Ohio and then when it was incorporated later in Delaware no change whatsoever was made in the operation of its business. Furthermore, in the cited case the company had an office in Delaware, it owned real estate in Michigan, and its bank deposits were used in transacting its business in and outside Ohio. In the instant case the company’s real estate is in Ohio, and its bank deposits are received and disbursed in Ohio alone.
The appellant further insists that, since it is a Delaware *432 corporation, its notes receivable have a tax situs in that state. However, these notes resulted from several transactions, all of which occurred in Cleveland and none in Delaware. There is nothing in the record tending to sustain this contention.
The final complaint is that the Tax Commissioner was compelled to accept the appellant’s depreciated book value of its factory building. The complete answer to this is apparent when it is disclosed that the appellant’s figure is a mere $3,514.53 although the acquisition price was $119,239.86 and the rental returns thereon for 1949 were $21,943.37, for 1950, $31,203.34, and for 1951, $28,000. Section 5498, G-eneral Code (Section 5733.05, Revised Code), authorizes the Tax Commissioner to determine “proper and reasonable reserves for depreciation and depletion,” and there is nothing whatsoever to sustain this contention of the appellant.
Under the particular facts of this case, the decision of the Board of Tax Appeals is neither unreasonable nor unlawful and must be affirmed.

Decision affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.
Stewart and Taet, JJ., concur in part and dissent in part.