Bell, J.
For the purpose of this decision, it will be assumed that the petition of plaintiff states a cause of action to enforce a trust, and that some court has the authority to order the shares of stock transferred to the plaintiff. With that assumption, the only question is whether the Ohio court can make an order which will effectively accomplish the transfer.
It is contended by plaintiff that, for the purposes of a quasi in-rem action, shares in a corporation have as their situs the domicile of the issuing corporation (in this case Ohio), and that the intangible shares representing the interest in ownership in a corporation are to be distinguished from the certificate or paper evidence of such ownership.
This contention, however, is clearly refuted by the provisions of the Uniform Stock Transfer Act (Section 8673-1 et seq., G-eneral Code; Section 1705.01 et seq., Revised Code), which has the effect of embodying the shares in the certificate. See 1 Davies, Ohio Corporation Law, 528, Section 25, where the author says:
“In the absence of an enactment such as the Uniform Stock Transfer Act, shares are uniformly held to have a situs at the domicile of the corporation for the purpose of jurisdiction in rem or quasi in rem. The effect of the Uniform Stock Transfer Act, generally speaking, is to embody the shares in the certificate, and where the act is in force in the state of incorporation, the situs of the shares is that of the physical location of the certificate, even though such location is in a foreign state.”
In Knight, Exr., v. Shutz, 141 Ohio St., 267, 272, 47 N. E. (2d), 886, 150 A. L. R., 138, Judge Turner, speaking for a unanimous court, said:
“Under the Uniform Stock Transfer Act, a stock certificate has become something more than mere evidence of title. The title to the certificate and the shares represented thereby can be transferred only by delivery of the certificate duly endorsed or accompanied by a written assignment or power of attorney to assign. (Sections 8673-1 and 8673-10 General Code.)”
Again, at page 281, Judge Turner made the following pertinent observation:
< < There have been cases in which a court of equity, having all parties before it, has entered a decree which operated upon the title of stock and transferred it to a third person while the *327 certificate was outstanding. Yet no such case, insofar as we have been able to find, bas been decided where the Uniform Stock Transfer Act was applicable.”
It seems to be settled in Ohio that, where it does not appear that a certificate has been lost or destroyed, a judgment can not operate upon the title to the stock to effect its transfer while a certificate for such stock is outstanding.
The cases of National Bank of New London v. Lake Shore & Michigan Southern Ry. Co., 21 Ohio St., 221, and Ball v. Towle Mfg. Co., 67 Ohio St., 306, 65 N. E., 1015, 93 Am. St. Rep., 682, cited by plaintiff, were decided prior to the adoption of the Uniform Stock Transfer Act and have no application to the instant question. The case of State v. Davis, 85 Ohio St., 43, 96 N. E., 1022, although decided four months after the effective date of the Uniform Stock Transfer Act, makes no reference to the act, and it is apparent that the act was not considered by the court. The cases of Cassidy v. Ellerhorst, 110 Ohio St., 535, 144 N. E., 252, 42 A. L. R., 372 (certificate of stock in foreign corporation owned by a nonresident but deposited for safekeeping in Ohio held not to be “property” subject to Ohio succession tax), and C. F. Kettering, Inc., v. Glander, Tax Commr., 155 Ohio St., 356, 98 N. E. (2d), 793 (stock in an Ohio financial institution owned by a foreign corporation and held and used in Ohio by such foreign corporation held to have a situs in Ohio for franchise tax purposes), also cited by plaintiff, are clearly distinguishable on their facts from the instant case.
It is alleged by plaintiff that the stock certificates which are the subject of this action are in the possession of the defendant bank in California, and that they are a part of the assets of an estate being administered by the Probate Court in California. It appears also from the petition that the jurisdiction of the California court over these certificates attached prior to the institution of this action.
It has become so well established as to preclude the necessity of citation that, as between courts of concurrent and coextensive jurisdiction, the one whose jurisdiction is first validly invoked by the institution of a proper action has the power, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.
*328 Since the stock certificates are outstanding, title to them and to the shares which they represent can not be transferred except by delivery of the certificates properly endorsed. Thus the relief which plaintiff seeks can be accomplished only by delivery to the Ohio corporations of the outstanding certificates properly endorsed. To accomplish this would require an order therefor directed to the defendant bank, an order which the Ohio court can not make because of the priorly invoked jurisdiction of the Probate Court in California.
Since we are of the opinion that the Ohio court has no jurisdiction because the subject of the action is within the jurisdiction of the California court, it is immaterial that the nonresident defendant may have voluntarily submitted to the jurisdiction of the Ohio court. The defendant bank, being an executor appointed by the Probate Court in California, is an officer of that court and as such can not be ordered by an Ohio court to perform any act dealing with the administration of its trust. Some members of the court entertain a doubt that such executor can validly enter its appearance without first being authorized or directed to do so by the court exercising supervision over it.
We do not believe that the decision in the Silberman case, supra, is in conformity with the decision of this court in the Knight case, supra. The court in the Silberman case relied heavily on the case of Jellenik v. Huron Copper Mining Co., 177 U. S., 1, 44 L. Ed., 647, 20 S. Ct., 559, which was decided many years before the enactment of the Uniform Stock Transfer Act in Ohio. In so commenting on the Silberman case, we concur in the statement which appears in the footnote in 12 Ohio Jurisprudence (2d), at page 186:
“The decision does not appear to be in the mainstream of current opinion upon the subject. No mention is made by the court of the provisions of the Uniform Stock Transfer Act pertaining to the subject.”

Judgment affirmed.

WeygaNdt, C. J., Zimmermah, Stewajrt, Matthias and Herbert, JJ., concur.
Taet, J., concurs in the judgment.