Gibson, J.
The sole question for determination here is whether appellee’s deposits in banks outside Ohio in 1958 were subject to or exempt from the personal property tax in accordance with Section 5709.02, Revised Code. In essence the problem here is to determine the tax situs of the 1958 deposits of appellee in banks outside Ohio.
The statutory standards relative to the taxability and the exemption of deposits have been before this court frequently. See, e. g., Kroger Grocery & Baking Co. v. Evatt, Tax Commr. (1948), 149 Ohio St., 448; American Rolling Mill Co. v. Evatt, Tax Commr. (1946), 147 Ohio St., 207; National Cash Register Co. v. Evatt, Tax Commr. (1945), 145 Ohio St., 597; C. F. Kettering, Inc., v. Evatt, Tax Commr. (1945), 144 Ohio St., 419. It therefore would seem unnecessary to set forth the statutory provisions in this opinion.
The appellant maintains that appellee’s deposits outside Ohio in 1958 were taxable because they were not used exclusively in the state of deposit. In so contending appellant relies heavily upon Kroger Grocery & Baking Co. v. Evatt, Tax Commr., supra, and his Rule 223 promulgated thereafter. The syllabus of the Kroger case reads as follows:
“1. Where an Ohio corporation, having its principal office and doing business in Ohio, has retail stores outside Ohio, *19 maintains for the nse of snch stores hank accounts in the same localities as the stores, and maintains by company policy minimum balances in the accounts, which balances are withdrawn only when the stores using the accounts are closed, such minimum balances are not withdrawable in the course of business outside Ohio, within the meaning of Section 5328-2, General Code [Section 5709.03, Revised Code], and have a tax situs in Ohio.
“2. ‘Used in business in such other state’ as that phrase is used in Section 5328-1, General Code [Section 5709.02, Revised Code], means used in business exclusively in such other state, and where parts of funds in such local bank accounts, in excess of the minimum balances, are used in the business in Ohio of such corporation, the minimum balances are not used exclusively in business in a state other than Ohio and have a tax situs in Ohio.”
The appellant’s Rule 223, adopted in May 1950 and as amended in November 1957, provides in pertinent part:
“All deposits of whatsoever nature which are used in business in this state or elsewhere have a situs for taxation in accordance with the provisions of Sections 5709.02 and 5709.03 of the Revised Code and, if the situs so determined is Ohio, are taxable in Ohio. In determining the taxable situs of deposits used in business, the physical location of the deposit (that is, the state in which the deposit physically exists) is not an operative factor. The test in every case is the dual test of use in business and withdrawability as set forth in the succeeding paragraphs hereof.'
“All deposits owned by Ohio residents which are used in business are taxable in Ohio, except that such deposits which are withdrawable in the course of business by an officer or agent having an office in a state other than Ohio and which are used exclusively in business transacted in such other state are not taxable in Ohio.
‘ ‘ A deposit is not used exclusively in business transacted in a state where it is withdrawable if payments are made from the account to maintain a separate business function or facility, such as a plant, a branch office, a sales force, a warehouse, or an *20 executive office in some other state, although this enumeration of separate business functions or facilities is not intended to be exclusive.” (Emphasis added.)
Turning first to a consideration of the prior cases of this court, we believe that they are distinguishable from the case at bar. In Kroger (149 Ohio St., 448), the deposits constituted general reserves used in the business of the corporation everywhere, including Ohio; but, in the instant case, the deposits were used exclusively in the state or states under the jurisdiction of the appellee’s district office.
In American Rolling Mill (147 Ohio St., 207), it was held that the out-of-state bank deposits of the Ohio corporation were taxable because they represented general reserves and balances used generally in the business of the corporation, and the deposits were general checking accounts used and available for all purposes, including the payment of dividends and taxes in Ohio and other states. In the instant case, the deposits in question were used only in the state or states under the jurisdiction of the appellee’s district office.
To whatever extent the appellant may rely upon National Cash Register Co. v. Evatt, Tax Commr., supra, and G. F. Kettering, Inc., v. Evatt, Tax Commr., supra, they are distinguishable from the instant case because in those cases the deposits located in banks outside Ohio were maintained and used generally for the purpose of those foreign corporations.
Turning next to a consideration of Rule 223, we find no statutory provision or prior ruling of this court which clearly requires that the words “such” and “a”, used in the clauses of the rule relating to the exclusive use of a deposit in business transacted in another state, have the effect of placing the tax situs of such deposits in Ohio where they are used in two or more states but not generally in the business or as a general reserve of the corporation. In the interest of maintaining the validity of the rule rather than declaring it void, we so construe it.
Where an Ohio corporation has divided its business operations outside Ohio into districts, each composed of several states, and maintains a separate bank deposit in each district the balance in which arises exclusively from the business in such *21 district and is used not in the general business of the corporation but exclusively for the operation of the business in that district, such bank deposit is not subject to taxation in Ohio.
We, therefore, can not’say that the Board of Tax Appeals acted either unlawfully or unreasonably in holding that the appellee ’s deposits in banks outside Ohio in 1958 had no tax situs in Ohio and hence were not subject to personal property tax under Section 5709.02, Revised Code. Therefore, the decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.